UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MARR (#186617),

                                                 CASE NO. 2:13-CV-13668
              Plaintiff,      JUDGE MARIANNE O. BATTANI
                                                 MAGISTRATE JUDGE PAUL J. KOMIVES

v.

RAYMOND BOOKER and
CHARLES SINCLAIR,

             Defendants,
_____/

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (Doc. Ent. 15) and
DEFENDANT BOOKER'S MOTION TO REVOKE PLAINTIFF'S IN FORMA
PAUPERIS STATUS AND TO DISMISS (Doc. Ent. 17)**

**I.    RECOMMENDATION:** The Court should require plaintiff to file an amended complaint which supercedes his August 27, 2013 (Doc. Ent. 1), October 17, 2013 (Doc. Ent. 9) and October 23, 2013 (Doc. Ent. 13) complaints.

Also, the Court should deny without prejudice plaintiff's motion for preliminary injunction (Doc. Ent. 15) and should deny defendant Booker's motion to revoke plaintiff's in forma pauperis status and to dismiss (Doc. Ent. 19).

**II.    REPORT:**

**A.    Plaintiff has been a party to several other cases in this Court.**

Michael Marr has been a party to seven (7) other cases in this Court: *Marr v. Munchboch*, Case No. 2:94-cv-72403-AC-VMM (E.D. Mich.) (prisoner civil rights); *Marr v. Madery*, Case No. 2:94-cv-73114-JAC (prisoner civil rights); *Marr v. MI St*, Case No .1:94-cv-

1

10273-RHC (E.D. Mich.) (habeas corpus); *Marr v. Colby*, Case No. 4:95-cv-40045-SN (E.D. Mich.) (prisoner civil rights); *Marr v. City of Detroit*, Case No. 2:07-cv-10931-SJM-SDP (E.D. Mich.) (prisoner civil rights); *Marr v. Harry*, Case No. 2:07-cv-11348-GER-DAS (E.D. Mich.) (habeas corpus re: Case No. 04-004031-02-FC (Wayne County)); and *Marr v. Caruso*, Case NO. 2:07-cv-13005-DPH-DAS (E.D. Mich.) (prisoner civil rights).

Marr also filed a motion in *Jones v. MDOC*, Case No. 2:05-cv-72817-DPH-RSW (E.D. Mich.) (prisoner civil rights).[1]

**B.     Plaintiff has filed three (3) complaints in the instant case.**

On August 10, 2004, Michael Marr (#186617) was sentenced to nine (9) to twenty (20) years for a March 27, 2004 violation of Mich. Comp. Laws § 750.89 ("Assault with intent to rob and steal; armed."). Case No. 04-004031-02-FC (Wayne County). **Marr was paroled on August 13, 2013 and is currently assigned to the MDOC's Detroit Reentry Center (RRF).** See www.michigan.gov/corrections, "Offender Search."

On August 27, 2013, while assigned to RRF, Marr filed this lawsuit pro se against Raymond Booker, described as the RRF Warden. Doc. Ent. 1. Therein, plaintiff alleges that he is not being provided Kosher meals, apparently since August 13, 2013. Doc. Ent. 1 ¶¶ 5, 10-12.

On October 17, 2013, plaintiff filed an amended complaint against Booker and Charles

---

[1]Marr was also a movant in *Hadix v. Caruso*, Case No. 4:92-cv-00110-RJJ (W.D. Mich.) (prisoner civil rights); a petitioner in *Marr v. Caruso*, Case No. 2:95-cv-00172-GJQ-TPG (W.D. Mich.) (habeas corpus, apparently regarding Case No. 86-007945-01FY (City of Detroit Recorder's Court)); and a plaintiff in nine (9) other Western District of Michigan cases: 1:07-cv-00494-RHB-ESC Marr #186617 v. Fields; 1:07-cv-00745-RAE-ESC Marr #186617 v. Caruso; 1:07-cv-00823-PLM-ESC Marr #186617 v. Case; 1:07-cv-00908-PLM-ESC Marr #186617 v. Foy; 1:07-cv-01201-JTN-JGS Marr #186617 v. Jones et al; 1:11-cv-01258-JTN-ESC Marr #186617 v. Purves; 2:08-cv-00232-RAED-TPG Marr #186617 v. Harrison et al; 2:95-cv-00107-GJQ-TPG Marr v. Kopke, et al; and 5:95-cv-00002-RHB Marr, et al v. MI, State of.

Sinclair, described as the Deputy Director of the Field Office Administrations Division.  Doc. Ent. 9.  The facts underlying this complaint stem from Booker and Sinclair's alleged violations of the Eighth Amendment (¶¶ 5-8, 15), the First Amendment (¶¶ 9-10, 12), the Fourteenth Amendment (¶¶ 11, 13-14) from August 13, 2013 and continuing.  Among plaintiff's claims is an alleged denial of Kosher foods.  *See*, *i.e.*, Doc. Ent. 9 ¶¶ 9A, 13A.

On October 23, 2013, plaintiff filed a another amended complaint in which just defendant Booker is named.  Doc. Ent. 13.  Here, plaintiff alleges that Booker violated the First Amendment.  Doc. Ent. 13 at 3 ¶ 4.  Specifically, plaintiff contends that, on October 18, 2013, Booker "dispatched a civil servant to plaintiff threatening to stop his access to the law library due to [plaintiff] bringing suit against [Booker]" in the instant case.  Doc. Ent. 13 at 3 ¶ 4(A).  For example, plaintiff claims the threat would effect an October 25, 2013 deadline in *Marr v. Fields*, 1:07-cv-00494-RHB-ESC (W.D. Mich.); preparation of a motion for temporary restraining order concerning issues in his amended complaint dated October 18, 2013 and filed October 23, 2013 (Doc. Ent. 13) in the instant case (2:13-cv-13668-MOB-PJK (E.D. Mich.)); and preparation of a petition for writ of habeas corpus concerning his "present unlawful restraint."  *See* Doc. Ent. 13 at 3-4 ¶ 4(B).

**C.      Only defendant Booker has appeared.**

**1.**     Along with his original complaint, plaintiff filed a motion to proceed in forma pauperis. Doc. Ent. 2.  On August 29, 2013, Magistrate Judge Whalen entered an order to correct deficiency for failure to submit filing fee.  Doc. Ent. 3.

On September 11, 2013, plaintiff filed an application to proceed in district court without prepaying fees or costs (Doc. Ent. 5), as well as a motion (Doc. Ent. 6) for reconsideration of the

Court's August 29, 2013 order (Doc. Ent. 3). In his motion for reconsideration, plaintiff maintained that he was a parolee at a treatment facility. Doc. Ent. 6 at 2 ¶ 3.[2]

On October 3, 2013, Judge Battani entered an opinion and order (Doc. Ent. 8) granting the motion for reconsideration (Doc. Ent. 6), vacating the order of deficiency (Doc. Ent. 3), granting plaintiff's application (Doc. Ent. 5) and directing service upon defendant.[3]

**2.**     In the meantime, on October 17, 2013, the U.S. Marshal Service acknowledged receipt of service of process documents, seemingly just for Booker. Doc. Ent. 10. On November 13, 2013, Assistant Attorney General Kevin R. Himebaugh filed an appearance on behalf of defendant Booker. Doc. Ent. 16.[4]

**D.     Discussion[5]**

**1.     The Court should require plaintiff to file an amended complaint which supercedes his previously filed complaints.**

As noted above, plaintiff has filed three complaints - the first against defendant Booker, the second against defendants Booker and Sinclair, and the third against defendant Booker. *See* Doc. Entries 1, 9 & 13. While the second complaint (Doc. Ent. 9) mentions the denial of kosher

---

[2]On September 19, 2013, plaintiff filed a letter explaining his inability to obtain a Statement of Account. Doc. Ent. 7.

[3]On October 23, 2013, plaintiff filed another motion for in forma pauperis and affidavit of indigency. Doc. Ent. 12. However, on October 24, 2013, Magistrate Judge Randon entered an order (Doc. Ent. 14) denying the motion as moot.

[4]On October 22, 2013, Judge Battani referred this case to Magistrate Judge Randon for pretrial matters. Doc. Ent. 11. However, on March 19, 2014, the case was reassigned from Magistrate Judge Randon to me pursuant to AO 14-AO-014. On April 28, 2014, Judge Battani referred the case to me for all pretrial matters. Doc. Ent. 21.

[5]On April 23, 2014, my case manager entered a notice that plaintiff's motion for preliminary injunction (Doc. Ent. 15) and defendant Booker's motion (Doc. Ent. 17) would be determined without oral argument. *See* Doc. Ent. 20.

foods alleged in the original complaint (Doc. Ent. 1), this claim is not present in the third complaint (Doc. Ent. 13).

To be sure, plaintiff's November 25, 2013 filing notes that (a) his amended complaint - presumably the October 17, 2013 amended complaint (Doc. Ent. 9) - supercedes the previous complaint[6] - presumably the August 27, 2013 original complaint (Doc. Ent. 1) - and (b) his amended complaint "alleges physical injury of imminent threat." Doc. Ent. 19 at 2 n.2. However, plaintiff's same filing also notes that AAG Himebaugh has not entered an appearance on behalf of defendant Sinclair. Doc. Ent. 19 at 1 n.1. This is a matter which needs to be clarified, because Sinclair is not named in the third complaint (Doc. Ent. 13), which concerns the alleged October 18, 2013 actions of Booker.

In fact, it is likely that no attempt at service of the amended complaint (Doc. Ent. 9) upon Sinclair has been made. Judge Battani's October 3, 2013 opinion and order provided that "plaintiff's complaint [Dkt. # 1] be served upon the named defendant [Booker] by the U.S. Marshal[] without prepayment of fees." Doc. Ent. 8 at 5. Two (2) weeks later, plaintiff filed his October 17, 2013 amended complaint (Doc. Ent. 9). And, treating plaintiff's third complaint (Doc. Ent. 13) as superceding plaintiff's second complaint (Doc. Ent. 9), the only current defendant is Booker and the only current claims are those related to Booker's October 18, 2013 actions.

Thus, before proceeding further with this case, plaintiff should be required to clarify his claims and the defendants against whom the claims are brought. To accomplish this, the Court

---

[6]"[A]n amended complaint supercedes all prior complaints." *Drake v. City of Detroit, Michigan*, 266 Fed.Appx. 444, 448 (6th Cir. 2008).

5

should require plaintiff to file an amended complaint which supercedes each of the previously filed complaints (Doc. Entries 1, 9 & 13). Any such complaint should be comprehensive concerning plaintiff's claims, the facts underlying those claims, and the defendants against whom the claims are brought.[7]

**2.   Plaintiff's November 12, 2013 Motion for Preliminary Injunction (Doc. Ent. 15) should be denied without prejudice.**

On November 12, 2013, plaintiff filed a motion for preliminary injunction whereby he asks the Court "to enjoin defendants [Booker and Sinclair] from violating the First Amendment of the United States Constitution as to plaintiff Marr's freedom to exercise his sincerely held religious beliefs, to wit: to cease and desist serving non-kosher foods, to cease and desist compelling plaintiff to violate the Holy Sabbath by engaging in written documents and conversing in mundane topics, and to cease and desist from compelling him to become a busybody and a gossip." Doc. Ent. 15 at 1-2. After discussing the factors of (I) likelihood of success on the merits of claim,[8] (II) irreparable injury,[9] (III) harm to others and (IV) public interest (Doc. Ent. 15 at 2-9), plaintiff reiterates his request for the Court to "grant him a

---

[7]As Judge Battani noted in her October 3, 2013 order (Doc. Ent. 8 at 4), "[w]here a plaintiff is proceeding as a pauper, the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint." *Williams v. McLemore*, 10 Fed. Appx. 241, 243 (6th Cir. 2001) (referencing *Byrd v. Stone*, 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); and 28 U.S.C. § 1915(d)).

[8]Within this section, plaintiff relies upon *Hackett v. Brown, et al.*, Case No. 2:90-cv-00302-GJQ-TPG (W.D. Mich.); an itinerary (to receive kosher meals) which plaintiff received on the day of his parole; and *Curry ex rel. Curry v. School Dist. of the City of Saginaw*, 452 F.Supp.2d 723 (E.D. Mich. 2006) (Lawson, J.).

[9]Within this section, plaintiff relies upon *JDC Management, LLC v. Reich*, 644 F.Supp.2d 905 (W.D. Mich. 2009) (Maloney, J.).

preliminary injunction enjoining defendants Booker and Sinclair or any of their subordinates from violating the sincerely held religious beliefs [plaintiff has] articulated[.]" Doc. Ent. 15 at 10.

Until plaintiff has filed an amended complaint which clarifies his claims and the defendants against whom the claims are brought - which will enable the Court to better assess the factor of "likelihood of success" - the Court should deny without prejudice plaintiff's November 12, 2013 motion for preliminary injunction (Doc. Ent. 15).

**3. Defendant Booker's November 13, 2013 motion to revoke plaintiff's in forma pauperis status and to dismiss (Doc. Ent. 17) should be denied.**

**a.** *Defendant Booker has filed a motion to revoke plaintiff's in forma pauperis status and to dismiss. Doc. Ent. 17.* Specifically, defendant Booker "moves the Court to enter its order declaring all of the plaintiff's filings after being given *in forma pauperis* status declared void, revoke Plaintiff's *in forma pauperis* status, and dismiss this action." Doc. Ent. 17 at 2.

Citing Judge Neff's December 21, 2011 order and opinion denying leave to proceed in forma pauperis on the basis of three strikes (Doc. Ent. 17-2 at 2, 3-8) in the prison condition case of *Marr v. Purves*, Case No. 1:11-cv-01258-JTN-ESC (W.D. Mich.), Booker argues that "[p]laintiff in fact has at least three strikes, all of which were entered before August 27, 2013, when this case was filed." Doc. Ent. 17 at 6-7. Specifically, Booker argues that "[b]ecause plaintiff is a 'prisoner' under 28 U.S.C. § 1915(h) and because he has three strikes under 28 U.S.C. § 1915(g), plaintiff's *in forma pauperis* status should be revoked." Doc. Ent. 17 at 8-11.

**b.** Judge Randon set the response deadline for December 13, 2013. Doc. Ent. 18. ***On November 25, 2013, plaintiff filed a response. Doc. Ent. 19 at 1-10.*** A good portion of plaintiff's response discusses his status as a parolee detained in a treatment facility and not a

correctional facility. *See, i.e.*, Doc. Ent. 19 at 10.

Plaintiff claims that the MDOC is improperly detaining parolees. Doc. Ent. 19 at 2. He asserts that Michigan's Truth in Sentencing Act (presumably Mich. Comp. Laws § 791.233 ("Granting paroles, provisions, paroles-in-custody; conditions imposed on paroled prisoners, rules")) "effectively terminated the community corrections centers[,]" which had operated under the authority of Mich. Comp. Laws § 791.265a ("Extensions of limits of prisoner's confinement; rules; escapes; eligibility for extensions; definitions"). Doc. Ent. 19 at 2-3. Also, plaintiff claims that, with the Administrative Procedures Act of 1969 (Mich. Comp. Laws §§ 24.201 - 24.328) in mind, the Community Corrections Act (Mich. Comp. Laws §§ 791.401 - 791.414) was developed. Doc. Ent. 19 at 3.

"Effective October 28, 2012, the [Ryan Correctional Facility] was repurposed and renamed the Detroit Reentry Center."[10] According to plaintiff, during May 2013, the MDOC began processing parolees into RRF for programming under (1) Bridges; (2) Violence Prevention Program (VPP) and (3) Residential Substance Abuse Treatment (RSAT). Plaintiff contends that he was supposed to partake in RSAT while serving his parole. Doc. Ent. 19 at 4. Plaintiff's order for parole does provide that he must "complete the DRC - RSAT program" and "reside in/at DRC - RSAT upon your release to parole." Doc. Ent. 6 at 8.

Plaintiff claims that RSAT was resurrected at RRF and is administered by Corrections Program, Inc. Plaintiff explains that "participants are parolees rather than parole violators or prisoners." Doc. Ent. 19 at 4. Plaintiff claims he was paroled to a drug treatment facility in Waterford, Michigan and was issued a Parolee Identification Card (Doc. Ent. 19 at 11), which he

---

[10]*See* http://www.michigan.gov/corrections/0,4551,7-119-1435-289645--,00.html.

retains even after his parole order was amended to DRC - RSAT. Citing an MDOC letter dated September 9, 2013 from Brian Shipman, Manager, Office of the Parole Board, to Jabari Atwaters (#374326) at RRF (Doc. Ent. 19 at 12), plaintiff claims it is "the Parole Board's perception the placement is tantamount to a community treatment center." Doc. Ent. 19 at 5.

Plaintiff points out that the authority for MDOC PD 06.03.104 ("Residential Reentry Program Facilities"), effective October 24, 2012 (Doc. Ent. 19 at 17-19), is Mich. Comp. Laws §§ 791.231 & 791.265a and Mich. Admin. Code R. 791.4401 & 791.4425. Doc. Ent. 19 at 6.[11] As plaintiff points out, "'[s]tate correctional facility' means a facility or institution that houses a prisoner population under the jurisdiction of the department. State correctional facility does not include a community corrections center or community residential home." Mich. Comp. Laws § 791.265a(9)(c), Doc. Ent. 19 at 7.

Citing Mich. Admin. Code R. 791.4401 ("Security classification; criteria; security classification committee; levels of custody; additional criteria for certain classifications; grievance."), plaintiff contends that an increased security classification "must be premised upon 'public safety.'" Furthermore, plaintiff contends that Mich. Comp. Laws § 791.234 ("Prisoners subject to parole board jurisdiction; indeterminate sentences; disciplinary time; consecutive sentences; life; public health code offenses; release on parole, procedure and conditions; time of release; review; notice to prosecuting attorney") "mandates that the parole board have reasonable assurance that the prisoner will not become a risk to the public safety." Thus, plaintiff claims,

---

[11] Among the attachments to plaintiff's response are Administrative Rules regarding Prisoner Classification and Transfer, Mich. Admin. Code R. 791.4401-791.4425 (Doc. Ent. 19 at 20-24).

9

the top of his parole order "emphatically sets forth said declaration.[12]  Plaintiff suspects that the MDOC puts parolees in a high security prison to justify a $30,000 per year housing expenditure for each parolee while he or she is serving his or her parole.  Doc. Ent. 19 at 8.

Plaintiff also states that, prior to defendant Booker's forced removal from RRF on November 14, 2013, Booker told plaintiff that Field Office Administrations (FOA) - for example, the parole people - runs the program and that Booker runs the 200 building housing prisoners.  According to plaintiff, this emphasizes "the confusion concerning parolees[,] which is of paramount importance [in plaintiff's case]."  Doc. Ent. 19 at 9.

According to plaintiff, he is on parole and detained at a treatment facility.  In plaintiff's opinion, the Corrections Code Act "supports that plaintiff is not in a correctional facility."  If Booker thought so, plaintiff claims, then Booker's replacement - presumably Anthony Stewart - must immediately reclassify plaintiff.[13]  Thus, plaintiff claims, he should be permitted to continue in forma pauperis and defendant Booker's motion (Doc. Ent. 17) should be entirely dismissed.  Doc. Ent. 19 at 10.[14]

**c.**     28 U.S.C. § 1915 governs in forma pauperis proceedings.  In part, this statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury***.

---

[12]*See* Doc. Ent. 6 at 7-8 (MDOC Michigan Parole Board Order for Parole).

[13]Currently, the RRF Warden is Anthony Stewart.  *See* www.michigan.gov/corrections, "Prisons."

[14]Among the attachments to plaintiff's response is a copy MDOC PD 01.04.110 ("Administrative Rules, Policies and Procedures"), effective August 1, 2013 (Doc. Ent. 19 at 13-16).

28 U.S.C. § 1915(g) (emphasis added). "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

**d.** It is defendant Booker's position that Marr "is considered a prisoner because he is currently detained in prison," and "has had three or more federal lawsuits dismissed pursuant to 28 U.S.C. § 1915(g) before he filed this lawsuit." Doc. Ent. 17 at 4. Booker argues that "[p]laintiff is a 'prisoner' as defined by the PLRA and should not have been granted leave to proceed *in forma pauperis*." Doc. Ent. 17 at 7.

In sum, Booker argues: "[b]ecause plaintiff is a 'prisoner' under 28 U.S.C. § 1915(h) and because he has three strikes under 28 U.S.C. § 1915(g), plaintiff's *in forma pauperis* status should be revoked." Doc. Ent. 17 at 8-11. In sum, defendant Booker's November 13, 2013 motion asks the Court to grant his motion (Doc. Ent. 17), revoke the in forma pauperis status granted to plaintiff on October 3, 2013 (Doc. Ent. 8) and dismiss this lawsuit. Doc. Ent. 17 at 11.

**e.** *As a parolee, plaintiff is not a "prisoner" as defined by 28 U.S.C. § 1915(h).* By way of background, Judge Battani's October 3, 2013 order stated, "plaintiff was on parole when he filed his complaint, thus he is not a prisoner within the meaning of the PLRA and would not be required to meet the PLRA's requirements for in forma pauperis status." Doc. Ent. 8 at 3. The order also granted plaintiff's application to proceed in forma pauperis (Doc. Ent. 5). Doc. Ent. 8

11

at 5. Additionally, the order cited *McGore v. Wrigglesworth*, 114 F.3d 601 (6TH Cir. 1997)[15] and *Floyd v. U.S. Postal Service*, 105 F.3d 274 (6th Cir. 1997).[16] Doc. Ent. 8 at 3-4.

In addition to Judge Battani's conclusion that plaintiff here is not a prisoner within the meaning of the PLRA, Marr is also not a "prisoner" as defined by 28 U.S.C. § 1915(h). *Brown v. Shah*, No. 13–cv–00091–JPG, 2013 WL 1144661 (S.D. Ill. Mar. 19, 2013).[17] To the extent defendant Booker concentrates on the assertion that "Marr is detained[,]" and "was detained when he filed his complaint[,]" and "is currently detained[,]" *see* Doc. Ent. 17 at 10-11, Marr's residential status at RRF was a fact before Judge Battani when she issued her October 3, 2013 order. Doc. Ent. 8 at 1.

**f.**     ***It follows that the in forma pauperis status granted to plaintiff on October 3, 2013 cannot be revoked on the basis of 28 U.S.C. § 1915(g).*** To be sure, in her December 21, 2011 opinion (Doc. Ent. 17-2 at 3-8), Judge Neff specifically referenced *Marr v. Case*, No. 1:07-cv-

---

[15]"[A] prisoner is obligated to pay assessed fees and costs only while he or she remains incarcerated. After release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status. The decision of whether pauper status is available to a released prisoner will be made by the district court." *McGore*, 114 F.3d at 613.

[16]"Given the several specific provisions in § 1915 that explicitly impose additional filing and financial burdens solely on prisoners, the only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)." *Floyd*, 105 F.3d at 276. "[T]he affidavit [of indigency] must be filed by both prisoners and non-prisoners seeking pauper status. Only prisoners, however, have the additional requirement of filing a prison trust account." *Id*. at 277 (referencing 28 U.S.C.A. § 1915(a)(2)).

[17]"At the time he filed this action, Plaintiff was on parole. As a parolee, Plaintiff does not meet the statutory definition of 'prisoner' for purposes of the in forma pauperis statute, which states that '[t]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.' 28 U.S.C. § 1915(h)." *Brown*, 2013 WL 1144661, *1.

823 (W.D. Mich. Jan. 18, 2008); *Marr v. Michigan*, No. 1:94-cv-10273 (E.D. Mich. Dec. 21, 1994)and *Marr v. Madery*, No. 2:94-cv-73114 (E.D. Mich. Sept. 19, 1994) as cases in which "the Court entered dismissals on the grounds that [plaintiff's] claims were frivolous or failed to state a claim." *See* Doc. Ent. 17-2 at 5.

Thus, the remaining issue is whether the in forma pauperis status granted to plaintiff in this case on October 3, 2013 should be revoked on the basis of 28 U.S.C. § 1915(g), and the answer is no. This is so, because the instant lawsuit is brought by a parolee and not a prisoner. *See Castillo v. Asparion*, 109 Fed.Appx. 653, 654-655 (5th Cir. 2004) (where Castillo filed lawsuit while out on parole but was reincarcerated during the pendency of the litigation, the Court stated: "Castillo has one strike under 28 U.S.C. § 1915(g) for the dismissal of his appeal as frivolous in *Castillo v. State of Louisiana*, 87 Fed.Appx. 931 (5th Cir.2004). The district court's dismissal of his claims for failure to state a claim under Fed.R.Civ.P. 12(b)(6) in this case does not count as a strike under 28 U.S.C. § 1915(g) because Castillo was not incarcerated when he filed this complaint. Castillo is hereby informed that the dismissal of this appeal as frivolous counts as his second strike for purposes of 28 U.S.C. § 1915(g). Castillo is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.") (internal citations omitted).

***g.   Defendant Booker has not argued another basis on which plaintiff's in forma pauperis status may be revoked.*** Defendant Booker's November 13, 2013 motion to revoke plaintiff's in forma pauperis status and to dismiss is based on the arguments that Marr is a "prisoner" under 28 U.S.C. § 1915(h) and that Marr has three strikes under 28 U.S.C. § 1915(g). *See* Doc. Ent. 17 at

13

8.

However, as illustrated above, even if Marr does have three (3) strikes under 28 U.S.C. § 1915(g) with respect to other cases he brought as a prisoner, Marr brought the instant case as a parolee. Therefore, for purposes of the instant lawsuit, Marr is not a "prisoner" as defined by 28 U.S.C. § 1915(h) and his in forma pauperis status in this case cannot be revoked on the basis of § 1915(g).

While the Court acknowledges the existence of another basis on which Marr's in forma pauperis status in this case may be revoked, it has not been briefed. *See, i.e., Gasaway v. Purdue*, No. 9:11–CV–1272 (LEK/DEP), 2012 WL 1952928, 8 (Apr. 9, 2012) (Peebles, M.J.) ("to the effect that plaintiff has abused the privilege of proceeding in forma pauperis, I recommend that the court exercise its inherent authority and revoke plaintiff's IFP status in this matter."); *Gasaway v. Bureau of Prisons*, No. 9:11–CV–1223 (LEK/DEP), 2012 WL 1952594, 6 (N.D.N.Y. Apr. 3, 2012) (same). Thus, this report does not discuss whether the Court should exercise its inherent authority.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Date: April 30, 2014                                      s/Paul J. Komives
                                                          PAUL J. KOMIVES
                                                          UNITED STATES MAGISTRATE JUDGE


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 30, 2014.

                                                          s/ Kay Doaks
                                                          Case Manager